UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SAVE BARTON CREEK ASSOCIATION, FIX290, SAVE OAK HILL, SOUTH WINDMILL RUN NEIGHBORHOOD ASSOCIATION, MICHAEL AND CRYSTAL BOMER, and ALAN WATTS,  *Plaintiffs*  v.  TEXAS DEPARTMENT OF TRANSPORTATION,  *Defendant* | § § § § § § § § § § § § § Case No. 1:19-CV-761-RP |

**ORDER**

Before the Court are Plaintiffs' Motion to Complete the Administrative Record (Dkt. 44), filed May 10, 2021, and Defendant's Response to Motion to Complete the Administrative Record (Dkt. 46), filed May 17, 2021. Plaintiffs did not file a reply brief. On May 18, 2021, the District Court referred the motion and related filings to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I.   General Background

On July 29, 2019, Plaintiffs Save Barton Creek Association, Fix290, Save Oak Hill, South Windmill Run Neighborhood Association, Michael and Crystal Bomer, and Alan Watts filed this lawsuit challenging an administrative decision by the Texas Department of Transportation ("TxDOT") to approve a freeway construction project in southwest Austin, Texas, known as Oak Hill Parkway Project (the "Project"). Plaintiffs assert that TxDOT's approval of the Project was in violation of the National Environmental Policy Act ("NEPA"), the National Historic Preservation

Act ("NHPA"), and the Administrative Procedures Act ("APA"). *See* Plaintiffs' Third Amended Complaint (Dkt. 29) ¶ 1.

On March 12, 2021, TxDOT filed the administrative record ("AR") in this case. Dkt. 43. On May 10, 2021, Plaintiffs filed the instant Motion asking the Court to supplement the AR with "additional written documents, emails, and other materials created and considered during Defendant's development of the federal Environmental Impact Statement for the Oak Hill Parkway Project." Dkt. 44 at 1. TxDOT opposes the Motion.

## II.  Legal Standards

Under the APA, the agency's decision will be upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also La. Crawfish Producers Ass'n–W. v. Rowan*, 463 F.3d 352, 355 (5th Cir. 2006). "In reviewing an agency's decision under the arbitrary and capricious standard, there is a presumption that the agency's decision is valid, and the plaintiff has the burden to overcome that presumption by showing that the decision was erroneous." *Tex. Clinical Labs Inc. v. Sebelius*, 612 F.3d 771, 775 (5th Cir. 2010). When reviewing an agency action under the APA, courts review "the whole record or those parts of it cited by a party." *Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (quoting 5 U.S.C. § 706). "The record consists of the order involved, any findings or reports on which that order is based, and 'the pleadings, evidence, and other parts of the proceedings before the agency.'" *Id.* (quoting FED. R. APP. P. 16(a)).

In applying the arbitrary and capricious standard of review of an agency's decision, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Accordingly, "[s]upplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption

2

that review is limited to the record compiled by the agency." *Medina*, 602 F.3d at 706 (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)). The Fifth Circuit has clarified that supplementation may be permitted only when (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision; (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors; or (3) the agency failed to explain administrative action so as to frustrate judicial review. *Id.*

### III.   Analysis

Plaintiffs move to supplement the AR with certain written documents, emails, and other materials they contend TxDOT considered in its review of the Project but failed to include in the AR submitted to the Court. Specifically, Plaintiffs seek to supplement the AR with:

> (1) all studies, reports, discussions or conclusions regarding the construction and operation of the concrete batch plant to be built as part of the Project, items that are currently omitted from the environmental impact statement;
>
> (2) studies, reports, discussions or conclusions regarding the continued need for access "frontage" or service roads along the length of the thoroughfare, originally required to comply with Texas law requirements for converting an existing road to tolled operation, a condition that no longer applies since planners altered the Project from being a proposed toll road to a non-tolled road; and
>
> (3) any and all notices of the meetings conducted by Defendant as required by Chapter 26 of the Texas Parks and Wildlife Code as well as the records created in the course of the required meetings such as meeting minutes, lists of attendees, discussion topics, public input received and alternative designs discussed at these meetings.

Dkt. 44 at 1-2 (the "Supplemental Documents").

TxDOT argues that the Court should deny the Motion because (1) Plaintiffs did not include a certificate of conference within the body of the Motion, in violation of Local Rule CV-7(g); (2) Plaintiffs merely speculate as to what additional documents exist, and thus fail to meet their

burden to supplement the AR; and (3) TxDOT has already included all of the Supplemental Documents in the AR. Plaintiffs did not reply to these arguments.

### A. Local Rule CV-7(g)

Local Rule CV-7(g) provides that a court "may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made." Plaintiffs failed to include a certificate of conference in their Motion, and thus have failed to comply with Local Rule CV-7(g). The Court could deny the Motion on this basis alone. In the interest of efficiency, the Court will resolve this motion, but reminds Plaintiffs' counsel that he must confer in good faith before filing any non-dispositive motions.

### B. Plaintiffs Have Not Met Their Burden

As stated above, supplementation of the AR is permitted only when (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision; (2) the district court needed to supplement the record with background information in order to determine whether the agency considered all of the relevant factors; or (3) the agency failed to explain administrative action so as to frustrate judicial review. *Medina*, 602 F.3d at 706. Plaintiffs have failed to demonstrate any of these factors.

"Once an agency presents a certified copy of the complete administrative record to the court, the court presumes that the record is properly designated." *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006); *see also Knight v. U.S. Army Corps of Eng'rs*, No. 4:18-CV-352, 2019 WL 3413423, at *1 (E.D. Tex. July 29, 2019) ("Where an agency has presented a certified copy of the complete administrative record, 'the court

assumes the agency properly designated the Administrative Record absent clear evidence to the contrary.'") (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)). A party seeking to supplement the administrative record must provide "reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." *Knight*, 2019 WL 3413423, at *1.

Plaintiffs' Motion is based on speculation that TxDOT considered the Supplemental Documents in its decision-making process but failed to include them in the AR. For example, Plaintiffs admit that they "have not seen the documents which they seek to include in the AR," but theorize that "strong evidence suggests that they exist as they are documents required to be generated under NEPA and the Texas Parks and Wildlife Code." Dkt. 44 at 5. Plaintiffs' speculation that other documents might exist does not overcome the general presumption that review is limited to the record compiled by the agency. *See Taylor Energy Co. v. United States*, No. CV 20-1086 (JDB), 2021 WL 538052, at *8 (D.D.C. Feb. 15, 2021) (holding that plaintiff's speculation that other documents "must exist" does not overcome presumption that administrative record was complete); *Stand Up for California! v. United States Dep't of Interior*, 315 F. Supp. 3d 289, 295-96 (D.D.C. 2018) (holding that agency "is entitled to a presumption that it properly compiled the record, and the Plaintiffs' speculation that other documents may exist is not an 'unusual circumstance' warranting supplementing the record"). As the district court explained in *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 371 (D.D.C. 2007):

> Thus, the primary question presented is whether [Plaintiff] has defeated the presumption that the administrative record is complete by showing a theoretical possibility that other documents not in the record exist. In my view, it has not. At most, it is merely as likely that such documents exist as it is that they do not. Under the most traditional understanding of how a party meets its burden of proof, [Plaintiff] is reduced to theorizing that the documents *may* exist, which fails to overcome the presumption that the record is complete.

> Indeed, if it did, there would be no presumption of a complete record because the possibility that internal, deliberative documents exist would occur in every APA case since the employees of agencies must communicate with each other in the process of promulgating a final rule.

The Court finds Plaintiffs' speculation that additional documents might exist fails to sustain their burden to show an unusual circumstance requiring supplementation of the AR.

In addition, TxDOT avers that it has no further documents to include in the AR. *See* Defendant's Response, Dkt. 46 at 7 ("Setting aside the irreparable legal problems in the motion, it fails on its own terms, because the qualifying documents concerning the three topics Plaintiffs' motion addresses are already in the administrative record and no other qualifying documents on those topics exist."). By failing to file a reply brief, Plaintiffs have not disputed this contention. *See Briones v. Lab. Tops, Inc.*, No. 1:19-CV-878-RP, 2021 WL 2709674, at *2 (W.D. Tex. May 10, 2021) ("By failing to file a reply, [plaintiff] has not disputed this contention."); *Dixie Elec., LLC v. Jarwin*, No. MO:17-CV-00066-RAJ, 2017 WL 8727481, at *3 (W.D. Tex. June 20, 2017) (finding that movant failed to meet his burden of showing that forum selection clause was unenforceable when he did not file a reply brief addressing non-movant's arguments). Accordingly, Plaintiffs have failed to sustain their burden to supplement the AR. *See Stand Up for California!*, 315 F. Supp. 3d at 296 (finding that plaintiff failed to meet burden to supplement where agency "avers that it has no further documents of this type to include").

## IV.  Conclusion

Based on the foregoing, Plaintiffs have failed to demonstrate "unusual circumstances justifying a departure from the general presumption that review is limited to the record compiled by the agency." *Medina*, 602 F.3d at 706. Accordingly, Plaintiffs' Motion to Complete the Administrative Record (Dkt. 44) is **DENIED**.

It is **FURTHER ORDERED** that this case is **REMOVED** from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

**SIGNED** on August 27, 2021.

                                                                SUSAN HIGHTOWER
                                                                UNITED STATES MAGISTRATE JUDGE